UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DAVID A. KING, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:10-cv-0061-JMS-WGH |
| | ) | |
| DAVID LUKENS, et al., | ) | |
| Defendants. | ) | |

## ORDER ON DEFENDANT'S MOTION FOR BILL OF COSTS

Presently pending before the Court is Defendant United States of America's Motion for Bill of Costs, requesting $1,340.30.  [Dkt. 202.]  Plaintiff David A. King objects to the United States' motion, arguing financial hardship and emphasizing his good faith and the contested nature of the proceedings.  [Dkts. 205; 209.]  For the following reasons, the Court grants the Government's motion.

## I.
### APPLICABLE STANDARD

The Court granted summary judgment in favor of the United States on Mr. King's Federal Tort Claims Act ("FTCA") claim in January 2013.  [Dkt. 148.]  It did not enter partial final judgment at that time.  [Id.]  Mr. King's remaining claims against Defendants Dr. David Lukens and Yves Paul-Blanc were tried to a jury in March 2013, and it found in favor of the Defendants.  [Dkts. 199; 200.]  No appeal was taken.

Under Federal Rule of Civil Procedure 54(d), the Court has discretion to tax the costs enumerated in 28 U.S.C. § 1920 against the losing party in an action—here, Mr. King—and a "strong presumption" exists that the Court will do so.  *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) (citation omitted).  The losing party "bears the burden of an affirmative showing that the taxed costs are not appropriate."  *Beamon v. Marshall & Ilsley Trust*

*Co.*, 411 F.3d 854, 864 (7th Cir. 2005).  "The process for awarding court costs is intended to be summary."  *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008).  The district court should not resolve arguments the losing party makes regarding the winning party's strategy in litigating the case and how it could have lowered its costs.  *Id.*

## II.
### DISCUSSION

The Government seeks $1,340.30 in costs as the prevailing party.  Specifically, the Government seeks recoverable costs associated with depositions it took in this case.  The Government used lower rates deemed appropriate by the Judicial Conference to determine the requested costs instead of the rates it actually paid.  [*See, e.g.*, dkt. 203 at 2 (requesting $3.65 per page for Mr. King's deposition consistent with Judicial Conference rates, instead of the $3.85 the court reporter actually charged).]

Mr. King does not object to any specific item the Government seeks in the bill of costs but, instead, asks the Court to exercise its discretion to deny the award.  [Dkt. 205.]  Specifically, Mr. King points to his "limited financial resources," his good faith, and the "close and difficult" nature of this case.  [*Id.* at 2.]

### A.   Applicable Law

The Seventh Circuit has "recognized only two situations in which the denial of costs might be warranted:  the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent."  *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003).  Mr. King does not allege misconduct, so the only relevant consideration is Mr. King's alleged indigency.

"Indigence does not automatically excuse the losing party from paying the prevailing party's costs."  *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006); *see also McGill v.*

*Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994) (affirming a costs award over $3,000 on a state prisoner, despite his account averaging $75 a month and the district court's finding that he was indigent, noting that "non-indigent litigants must consider the relative merits of their lawsuit against the pain an unsuccessful suit might inflict on their pocketbook").  Instead, it is a "narrow exception" and not a blanket excuse from paying costs.  *Rivera*, 469 F.3d at 635-36.

To deny a petition for costs because of the losing party's indigency, the Court "[f]irst . . . must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future."  *Id.* at 635.  The burden is on the losing party to provide the district court with sufficient documentation to support that finding.  *Id.*  If the losing party fails to identify any basis for a finding that it will be incapable of paying the prevailing party's costs at some point in the future, the Court abuses its discretion by denying costs.  *Id.* at 637.

"Second, the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs."  *Id.* at 635.  "No one factor is determinative, but the district court should provide an explanation for its decision to award or deny costs."  *Id.* at 636.

**B.   Indigency**

In support of his indigency argument, Mr. King submitted an affidavit attesting that he was released from prison in January 2012 and subsequently worked at a landscape company and a factory making metal staircases.  [Dkt. 209 at 1.]  Mr. King was laid off from both of those jobs, but not because of his performance.  [*Id.* (attesting that he was laid off from the landscape job because it was seasonal employment and that he was laid off from the other company because business was slow).]  His present income includes retirement funds of $2,375 per month and between $200 and $500 per month in a maintenance business.  [*Id.* at 2.]  Mr. King borrowed

approximately $6,000 to cover legal fees for this case and has approximately $8,400 in credit card debt.  [*Id.* at 1.]  His living expenses are approximately $1,000 per month and, in addition, he helps support his ailing mother by contributing $250 per month to her care.  [*Id.*]  Mr. King has no savings.  [*Id.*]

In response to Mr. King's affidavit, the Government observes that Mr. King's monthly pension totals $28,500, and that he is receiving an additional $2,400 to $6,000 per year from income from a business.  [Dkt. 210 at 1.]  The Government points out that even discounting Mr. King's business income, his pension puts him well above the poverty line.  [*Id.* (citing http://aspe.hhs.gov/poverty/13poverty.cfm) (indicating the poverty threshold as $11,490 for a household of one and $14,410 for a household of two).]  Thus, the Government argues that Mr. King has not proven his alleged indigency.

The Court agrees with the Government that Mr. King has not made a threshold showing of indigency.  First, Mr. King has presented no evidence or argument that he would be incapable of paying the Government's requested costs—$1,340.30—in the future.  The evidence shows that Mr. King was able to obtain two jobs upon his release from prison and that both times his employment was terminated for reasons other than his performance.  [Dkt. 209 at 1.]  This suggests that Mr. King is capable of obtaining future employment, which is further confirmed by his current maintenance business.  Mr. King suggests no reason why this would not continue to be the case in the future.  Thus, it would be an abuse of the Court's discretion for it to deny the Government's costs award.  *See Rivera*, 469 F.3d at 637 (holding that if the losing party fails to identify any basis for a finding that it will be incapable of paying the prevailing party's costs at some point in the future, the Court abuses its discretion by denying costs).

- 4 -

Second, Mr. King has a consistent monthly retirement income of $2,375. [Dkt. 209 at 2.] His monthly expenses and assistance to his mother total $1,250, which leaves him with a monthly surplus of $1,125 before considering the additional money he makes on his maintenance business ($200 to $500 per month). [Dkt. 209 at 1-2.] While he has approximately $14,400 in debt, this monthly surplus is sufficient to pay off his current debt and the Government's requested costs over time.

The Court agrees with Mr. King that he pursued his case in good faith through summary judgment and trial; however, for the reasons detailed herein, as well as the reasonableness of the Government's costs request, the Court concludes that Mr. King has failed to make a threshold showing of indigency. Accordingly, the Court must award costs pursuant to Rule 54(d)(1).

## III.
### CONCLUSION

For the reasons detailed herein, the Court overrules Mr. King's objections and **GRANTS** the Government's Motion for Bill of Costs. [Dkt. 202.] Therefore, the Clerk is directed to tax the requested amount of costs in accordance with Federal Rule of Civil Procedure 54(d)(1). [Dkt. 204.] The Government is **ORDERED** to enter into a realistic payment plan with Mr. King to recover its $1,340.30 in costs.

05/13/2013

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

All counsel of record